JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|   |   |
|---|---|
| NATHAN W. GWILLIAM, CRYSTAL D. GWILLIAM, ELEVATI, INC., AND ARACAJU, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PROMEDIA, INC., <br><br> Defendant. | Case No.: SACV 17-00584-CJC(KESx) <br><br> **ORDER DISMISSING CASE WITHOUT PREJUDICE** |

//

//

On September 25, 2014, Defendant filed a lawsuit against Plaintiffs in Orange County Superior Court. (Dkt. 7-2 Ex. A.) On March 30, 2015, Plaintiffs filed a motion in the state court proceeding to dismiss or stay Defendant's complaint. (Dkt. 7-2 Ex. C.) On June 8, 2015, the Orange County Superior Court denied Plaintiffs' motion. (Dkt. 8-3 Ex. 1.) Plaintiffs appealed the court's order, (Dkt. 7-2 Ex. D at 2, 5), and the California Court of Appeal affirmed the Superior Court on February 15, 2017, (*Id.* at 7–9).

On March 31, 2017, Plaintiffs commenced the instant action by filing a petition to compel arbitration and stay the state court action pursuant to 9 U.S.C. § 4 before this Court. (Dkt. 1.) Plaintiffs then filed a motion to compel arbitration on April 10, 2017, (Dkt. 7), which the Court denied on May 5, 2017, (Dkt. 10). No other issues are pending in this action. Months later, on August 25, 2017, Plaintiffs filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Dkt. 12.) Thereafter the Clerk terminated the case. (*See* docket entry dated Aug. 25, 2017.) Defendant objected to the dismissal and requested that the Court vacate Plaintiffs' voluntary dismissal on procedural grounds. (Dkt. 13.) On September 13, 2017, the Court held that Rule 41(a) did not permit Plaintiffs to voluntarily dismiss a petition to compel arbitration, and vacated Plaintiff's voluntary dismissal of the action. (Dkt. 14.) Neither Plaintiffs nor Defendant have taken any action since that date.

//
//
//
//
//
//
//
//

On the Court's own motion, the Court DISMISSES Plaintiffs' action WITHOUT PREJUDICE. The underlying dispute between Plaintiffs and Defendant is pending in state court, and no issues are pending before this Court. Defendant is free to file any post-trial motions, such as a motion for attorney's fees, if Defendant believes it is appropriate. *See, e.g., Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) ("it is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits.")

DATED: December 8, 2017

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE